IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## RICHARD D. WIGGINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-A-313     Cheryl Blackburn, Judge**

———————————

**No. M2005-00182-CCA-R3-PC - Filed February 17, 2006**

———————————

The Appellant, Richard D. Wiggins,[1] appeals the denial of his petition for post-conviction relief by the Davidson County Criminal Court. Wiggins pled guilty to attempted especially aggravated robbery and, as provided by the plea agreement, received an eight-year split confinement sentence requiring service of one year in the county jail followed by seven years probation. On appeal, Wiggins contends that his plea was not knowingly and voluntarily entered due to trial counsel's ineffectiveness in: (1) failing to have Wiggins evaluated for mental competency; (2) failing to fully investigate the case; (3) advising Wiggins how to answer the trial court's questions during the plea colloquy; and (4) failing to fully explain the nature and consequences of his guilty plea. After review, we affirm the denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Richard D. Dumas, Jr., Nashville, Tennessee, for the Appellant, Richard D. Wiggins.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Angelita Dalton, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

_____

[1]During his testimony, the Appellant stated that the name Richard D. Wiggins was an alias and that his real name was Ricardo Deondre Wiggins. However, for purposes of uniformity, we utilize the name appearing on the documents in the case, including the Appellant's initial petition filed in the name of Richard D. Wiggins. The record does reflect, however, that the Appellant was indicted and convicted under the name Ricardo D. Wiggins.

On March 14, 2003, a Davidson County grand jury returned a two-count indictment charging the Appellant and two co-defendants, Cy-Sylvia Joy Jordan and Jermon S. Potter, with aggravated burglary and especially aggravated robbery. The factual basis, as recited by the prosecutor at the guilty plea hearing, is as follows:

> [The victim] . . . would testify that on July 2, 2002, he was in Room 309 of the Knight's Inn at 99 Spring Street, here in Davidson County, Tennessee, when initially the co-defendant Sy-sylvia [sic] Jordan knocked on his room. He opened the door and ultimately two male individuals came in, robbed him. He was shot. They left the scene. Ms. Jordan took some property, VCR and some money, took off with it. She was caught fairly quickly and gave information that led to the apprehension of the co-defendants, or at least their identity, that being Mr. Wiggins and Mr. Potter, and Leticia Wright, Mr. [sic] Wright, the victim's wife, arrived just as the incident was apparently was ending and she saw and picked Mr. Wiggins photo out of a lineup as being one of the two male individuals she saw leaving the scene of the motel room, and, again, along with the co-defendant's statement, that would be the State's proof.

In October 2003, the Appellant pled guilty to the lesser-included offense of attempted especially aggravated robbery, with the second count being dismissed. The trial court reviewed the standard litany of rights with the Appellant prior to accepting the guilty plea. The Appellant acknowledged that the prosecutor's recitation of the facts was correct, that he was pleading guilty to attempted especially aggravated robbery, and that he was satisfied with trial counsel's performance. As agreed, the Appellant received an eight-year split confinement sentence, with one year to be served in the county jail followed by seven years of supervised probation. Because the Appellant had already served one year in confinement, he was immediately released from custody. During the same month of his release, the Appellant violated the terms of his probation, and, on November 14, 2003, the trial court revoked the Appellant's probation and ordered that the eight-year sentence be served in the Department of Correction.

On March 29, 2004, the Appellant filed a *pro se* petition for post-conviction relief, which was amended. Counsel was appointed, and a second amended petition was filed on July 14, 2004, alleging ineffective assistance of counsel and entry of an involuntary guilty plea. A hearing was held on September 8, 2004, at which the Appellant and trial counsel testified. The Appellant testified that trial counsel failed to have him evaluated for mental competency despite the Appellant's requests to do so. The Appellant further stated that he believed trial counsel did not fully investigate the case, as he had supplied trial counsel with the names of witnesses which trial counsel did not interview. Because of trial counsel's failure to investigate, the Appellant felt that he had no other option but to accept the plea agreement. The Appellant testified that trial counsel reviewed the plea agreement with him, but he asserted at the hearing that he did not understand what was written. He acknowledged answering the court's questions regarding the explanation of his rights during the guilty plea hearing but asserts that trial counsel told him how to answer.

-2-

Trial counsel rebutted the Appellant's claims. Specifically, he testified that the Appellant, in the eight times they met, never discussed having any type of mental illness or requested an evaluation. Trial counsel further stated that he observed no indication that the Appellant was suffering from any type of mental illness. Counsel stated that the Appellant did give him the names of two witness whom he did contact. However, the witnesses were not helpful to the Appellant's case, and he informed the Appellant of this fact. Trial counsel stated that, while the Appellant had a good case which trial counsel was prepared to take to trial, the Appellant wanted to accept the plea agreement which would allow him to be released from jail immediately. Counsel testified that the Appellant did not express any reservations about the plea or indicate that he did not understand the terms of the agreement. Counsel also denied instructing his client to answer the trial court's questions at the plea hearing "like everyone else." After hearing the evidence presented, the post-conviction court denied relief by written order on December 16, 2004, finding that the Appellant had failed to demonstrate either deficient performance or prejudice. This timely appeal followed.

**Analysis**

On appeal, the Appellant asserts that he was denied the effective assistance of counsel, and, as result, his guilty plea was not entered knowingly and voluntarily. In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. T.C.A. § 40-30-110(f) (2003). The Appellant's claim of ineffective assistance of counsel stems from the following allegations: (1) that trial counsel failed to have the Appellant evaluated for mental competency; (2) that trial counsel failed to fully investigate the case; (3) that trial counsel advised the Appellant to answer the trial court's questions in the same manner as other defendants entering guilty pleas; and (4) that trial counsel failed to fully explain the nature and consequences of his guilty plea.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed, a

> court charged with determining whether . . . pleas were 'voluntary' and 'intelligent' must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S. Ct. at 370; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceeding. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law*, are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## I. Mental Evaluation

First, the Appellant contends that trial counsel was ineffective for failing to have the Appellant evaluated for mental competency. The Appellant testified at the evidentiary hearing that he told his trial counsel "twice" that he "wanted to be evaluated." With regard to this assertion, the post-conviction court specifically found:

> At the evidentiary hearing, [the Appellant] testified that he should have had a psychological evaluation because he has "problems with his mind." Other than this general claim, [the Appellant] provided no other testimony or evidence as to his mental state at the time of his plea. When questioned by the Assistant District Attorney General as to what type of mental illness did he suffer, [the Appellant] responded that he had been diagnosed previously as a juvenile when he was 16 years

-4-

old, but he could not recall the diagnosis. He further stated that he received treatment in the form of prescriptions and counseling when he was 16-19 years old, but that from ages 19-23, he did not receive any treatment. When the Court further inquired as to the type of medication [the Appellant] received while in juvenile custody, [the Appellant] responded that the medication was just to "relax his nerves."

The Court finds that [the Appellant] has failed to demonstrate by clear and convincing evidence that he was not competent to enter his plea. Further the Court notes that [the Appellant's] trial counsel, . . . , testified that he met with [the Appellant] approximately eight times, averaging 45-60 minutes each visit, and at no time did [the Appellant] say anything or engage in behavior that would cause him to believe [the Appellant] suffered from a mental illness; thus, [trial counsel] stated there was no basis for him to request a competency evaluation. In addition, [trial counsel] testified that he did not recall [the Appellant] requesting a competency evaluation and had he done so, he would have followed up. In any event, . . . , the Court find that [the Appellant] had failed to meet his burden on this issue and denies [the Appellant's] claim on this issue.

We find nothing in the record to preponderate against the post-conviction court's findings. Moreover, the Appellant failed to call a mental health expert at the post-conviction hearing to introduce evidence of any mental incompetency. Without any proof of the Appellant's incompetency or mental illness, he has failed to demonstrate that he was prejudiced by trial counsel's failure to have him evaluated. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). This issue is without merit.

## II. Failure to Investigate

Next, the Appellant contends that trial counsel was ineffective in that he "failed to fully investigate the facts surrounding [the Appellant's] claim that he was innocent of the charges, and as a result [the Appellant] felt that he had no choice but to take the plea agreement rather than proceed to trial with his attorney who failed to investigate possible defenses." The Appellant, however, provides no specific contentions as to what defenses and facts trial counsel failed to investigate. The only proof presented at the post-conviction hearing regarding investigation of the case was that the Appellant gave trial counsel the names of witnesses who could provide an alibi defense. While the Appellant testified that trial counsel did not interview these witnesses, trial counsel refuted that testimony and stated that he did in fact interview the two alibi witnesses and found that their testimony would have been detrimental to the Appellant's case. In denying relief upon this ground, the post-conviction court concluded, "[f]inding [trial counsel's] testimony credible and because [the Appellant] has failed to demonstrate by clear and convincing evidence that [trial counsel] failed to adequately investigate his case, the Court denies [the Appellant's] petition on this issue."

Again, we find nothing in the record to preponderate against the post-conviction court's finding that trial counsel adequately investigated the Appellant's case. The post-conviction court

accredited trial counsel's testimony, and we will not reweigh or reevaluate it. *Henley*, 960 S.W.2d at 578-79. Additionally, the Appellant has failed to produce any proof of what beneficial evidence trial counsel would have found had he further investigated the case. It was the Appellant's burden to present this proof at the post conviction hearing. *Black*, 794 S.W.2d at 757. This issue is without merit.

## III. Trial Counsel's Instructions at Guilty Plea Hearing

The Appellant asserts that trial counsel improperly "advised [the Appellant] that he should simply answer 'the same way the others do' or it would make it complicated and the Judge might not allow him to continue with the plea. . . . Had [trial counsel] not told him to answer the way the others did, the [Appellant] would have felt free to clarify what the terms of his offer were, and would have thus rejected the offer and proceeded to trial." Trial counsel specifically testified at the post-conviction hearing that he did not advise the Appellant to answer the court's questions in this manner.

The record indicates that the post-conviction court accredited the testimony of trial counsel on this issue and denied relief. The only proof to the contrary was the Appellant's self-serving statement that trial counsel had so advised him. Again, we will not reweigh or reevaluate a trial court's credibility determination. *Henley*, 960 S.W.2d at 578-79. This issue is without merit.

## IV. Explanation of Guilty Plea Consequences and Voluntariness of Plea

The Appellant contends that trial counsel "failed to fully explain the contents of the plea agreement to [the Appellant] before the plea was taken." Specifically, the Appellant contends he "was not properly informed of the nature and consequences of his guilty plea under the plea bargain agreement worked out by his counsel and the State." Accordingly, he asserts that "his guilty plea could not have been made voluntarily and with a full understanding of its consequences." The Appellant acknowledges that the trial court reviewed the litany of rights with him prior to the entry of the plea but argues this is not conclusive proof that he actually understood the agreement.

The post-conviction court denied relief upon this ground, specifically finding:

> The Court finds that [the Appellant] has not established any of his allegations that the plea was unknowingly entered into and was involuntarily made. The transcript of [the Appellant's] plea belies [his] claims. For example, during the plea colloquy, the Court thoroughly advised [the Appellant] as to the nature and consequences of his plea agreement.

We agree with this finding.

A defendant's plea of guilty constitutes an admission in open court that the defendant committed the acts charged in the indictment. *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct.

1463, 1468 (1970). The plea, however, is more than an admission; it is the defendant's consent that judgment of conviction may be entered without a trial. *Id*., 90 S. Ct. at 1469. A defendant's sworn responses to the litany of questions posed by the trial judge at the plea submission hearing represent more than simply lip service. Indeed, the defendant's sworn statements and admissions of guilt stand as a witness against the defendant at the post-conviction hearing when the defendant disavows those statements. Our review of the entire record, including the plea submission hearing, affirmatively demonstrates that the Appellant's guilty plea was made with an awareness of the consequences of the plea, and, as such, the guilty plea was voluntarily and knowingly entered. *See State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977).

## CONCLUSION

Based upon the foregoing, we affirm the denial of the Appellant's petition for post-conviction relief by the Davidson County Criminal Court.

_____
DAVID G. HAYES, JUDGE